# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

**Edward Johnson,**
    **Plaintiff,**

                    vs.                                04-2111

**Blair Leibach, et al.,**
    **Defendants.**

## ORDER

Before the court are the defendants' unopposed motions to dismiss, d/e's 12 and 15.

### **Plaintiff's** Allegation

The plaintiff alleges the following and are considered true for purposes of this order: On July 3, 2003, the plaintiff filed a grievance complaining that he was denied proper and adequate medical care by the Danville Correctional Center Health Care Unit and Wexford Health Sources, Inc. Dr. Davis, (the "eye doctor"), examined the plaintiff's eyes after he complained that he could not see clearly. Dr. Davis discovered the plaintiff had cataracts and stated the cataracts should be removed. The plaintiff was submitted as a potential candidate for the cataract surgery "by the Institution." Wexford denied the plaintiff's request for the cataract surgery. The plaintiff claims that because the surgery was denied, all of the "above-named parties" demonstrated deliberate indifference to his serious medical needs.

Further, the plaintiff alleges that he has been diagnosed with HIV since the early 90's and has continuous health problems and any health problems, even minor in nature can turn into a serious medical problem overnight. Since the plaintiff has been complaining of this medical problem concerning his eye, the personnel at Danville Correctional Center has become very distance to any health care requests made by the plaintiff, regardless of the depth of the problem. Due to the actions and/or inactions of the medical personnel and Wexford, the plaintiff is being subjected to cruel and unusual punishment as a result of all the defendants' failure to provide him with adequate medical care consistent with that of someone in the free world. The plaintiff alleges the defendants have demonstrated deliberate indifference to his serious medical needs. He further states that his present medical condition is deteriorating and his vision is almost to the point that he cannot go anywhere without bumping into people, doors, etc.

The plaintiff alleges in his complaint that he exhausted administrative remedies, *see* complaint, p. 3, and he has attached a copy of his grievance and a September 11, 2003 letter from Roger Walker that responds to the plaintiff's grievance regarding denial of the cataract surgery.

### Standard

It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). *See also Tarkowski v. Robert Bartlett Realty Company*, 644 F.2d 1204 (7th Cir. 1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Tarkowski*, 644 F.2d at 1207, *quoting Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972).

### Defendants' Arguments

**Blair Leibach and Mary Miller.**

In their motion to dismiss, the Leibach and Miller argue that to state a claim for medical indifference, an inmate must show that the state was deliberately indifferent to his serious medical condition. Further, they assert that difference in judgments between an inmate and medical personnel do not rise to the level of constitutional violations. Further, these defendants assert that they are entitled to relay on a physician's determination of the best way to treat a patient. The plaintiff willingly refused treatment provided him by attending doctors. Additionally, these defendants, non-medical employees of the Illinois Department of Corrections, relied on the medical opinion of a doctor that the plaintiff's ailment could be treated with medication. Leibach and Miller argue that the plaintiff's complaint should be dismissed for failure to state a claim based on medical indifference.

**Dr. Ronald Schaefer and Wexford Health Sources, Inc.**

Schaefer and Wexford argue that other than the allegation that Dr. Schaefer is employed as a medical physician at the Danville Correctional Center, the complaint is silent a to Dr. Schaefer. These defendants assert that there are no allegations of any kind regarding how Dr. Schaefer was involved in the issues set forth in the complaint.

### Discussion

Deliberate indifference to a serious injury or medical need violates a prisoner's rights under the Eighth Amendment to be free from cruel and unusual punishment. *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001); *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir.

2

2001), *citing Estelle v. Gamble*, 429 U.S. 153, 182-83 (1976).  The injury or need must be objectively serious, *and* the official must personally know of the risk and consciously disregard it.  *See Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999); *Mathis v. Fairman*, 120 F.3d 88. 91 (7th Cir. 1997); *Wynn v. Southward*, 251 F.3d at 593 (2001).  An objectively serious injury or medical need is "'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'"  *Chapman*, 241 F.3d at 845, *quoting Zentmyer v. Kendall County* 220 F.3d 805, 810 (7th Cir. 2000)(*quoting Gutierrez v. Peters* 111 F.3d 1364, 1373 (7th Cir. 1997)).  An objectively serious condition also presents itself if "'failure to treat [it] could result in further significant injury or unnecessary and wanton infliction of pain.'"  *Reed v. McBride*, 178 F.3d 849, 852 (7th Cir. 1999), *quoting Gutierrez*, 111 F.3d at 1373.  The subjective component (deliberate indifference) does not encompass negligence or even gross negligence.  *Id.*, *citing Salazar v. City of Chicago*, 940 F.2d 233, 238 (7th Cir. 1991); *Farmer v. Brennan*, 511 U.S. 825, 836 (1994).  The prisoner must "show that the prison official was subjectively aware of the prisoner's serious medical needs and disregarded an excessive risk that a lack of treatment posed to the prisoner's health or safety."  *Wynn*, 251 F.3d at 593, *citing Farmer v. Brennan*, 511 U.S. at 837; *Zentmyer*, 220 F.3d at 811.  A prisoner is not required to show that he or she was "literally ignored."  *Sherrod v. Lingle*, 223 F.3d 605, 611 (7th Cir. 2000)(jury could find deliberate indifference, "[i]f knowing that a patient faces a serious risk of appendicitis, the prison official gives the patient an aspirin and an enema and sends him back to his cell.").  Deliberate indifference may also be inferred "when the medical professional's decision is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate the person responsible did not base the decision on such a judgment."  *Estate of Cole v. Pardue*, 94 F.3d 254, 261-62 (7th Cir. 1996). However, malpractice or disagreement with a doctor's treatment decisions cannot be the basis for an Eighth Amendment challenge.  *Steele v. Choi*, 82 F.3d 175, 178-79 (7th Cir. 1996); *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996).

Prison administrators are insulated from liability when they rely upon the opinions of the medical staff as to the proper course of treatment.  *Allen v. City of Rockford*, 349 F.3d 1015, 1020 (7th Cir. 2003).

## Conclusion

Leibach, a warden, and Miller, health care administrator, are not medical professionals and the plaintiff does not allege that they are.  However, a review of the plaintiff's exhibits attached to his complaint shows that Wexford denied the cataract surgery in accordance with their contractual provisions.  If the defendants knew the reason for the denial, they were in a position to questions the basis for the denial.  What does "in accordance with contractual provisions" mean?  This court does not know and cannot conclude that the denial of the cataract surgery was made because it was the opinion of a doctor that the surgery was medically unnecessary, rather than based on "contractual provisions."  Based on the foregoing, Leibach and Miller's motion to dismiss is denied, d/e 15.

Further, Dr. Schaefer's motion to dismiss, d/e 12, is denied.  Although the plaintiff does

not specifically mention Schaef's name in the body of the complaint, the plaintiff does refer to all of the above-named parties and allege they were deliberately indifference to his serious medical needs. Dr. Schaefer is an above-named party.

Further, Schaefer and Wexford argues that it is not clear from the complaint that the plaintiff has exhausted his administrative remedies and his complaint should be dismissed on that ground alone. However, the court must take as true the plaintiff's allegation that he exhausted the administrative remedies. Further, the plaintiff attach to his complaint documents that corroborate his assertion that he exhausted administrative remedies.

**It is therefore ordered:**

1. **Based on the foregoing, the defendants' motions to dismiss, d/e's 12 and 15, are denied.**
2. **All discovery must be completed on or before Monday, November 28, 2005.**
3. **Any dispositive motions must be filed on or before Monday, December 19, 2005.**
4. **A pretrial conference is scheduled for Monday, January 31, 2006 at 9:30 a.m., by video conference. The clerk is to issue a writ for the parties' participation in the video conference. As Richard Klaus is a local counsel, he shall appear in person before the court sitting in Urbana.**
5. **The defendants are reminded that they bear the responsibility for the initial preparation of the pretrial order. The final pretrial order shall be received by the clerk of the court on or before Monday, January 24, 2006.**

**Entered this 28th day of September 2005.**

　　　　　　　　　　　　　　　S/HAROLD A. BAKER
　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　**HAROLD A. BAKER**
　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**